UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Eric Peebles,**

    Plaintiff,

vs.                                        Case No. 05-CV-319
                                                      Judge Gregory L. Frost

**University of Dayton and**             Magistrate Judge Norah King
**University of Dayton School of Law**,

    Defendants.

## OPINION & ORDER

Defendants University of Dayton and University of Dayton College of Law ("Defendants") filed a motion to dismiss Plaintiff Eric Peebles' ("Plaintiff") Complaint. (Doc. # 17). Plaintiff filed a memorandum in opposition (Doc. # 21), to which Defendants replied (Doc. # 23). The Court **GRANTS** the motion (Doc. # 17) for the reasons that follow.

## BACKGROUND

The facts pertinent to the disposition of the instant motion are as follows: Plaintiff is an Ohio resident who suffers from spastic cerebral palsy. (Doc. # 1 at ¶ 5). Plaintiff's condition is chronic and irreversible. *Id.* Defendant University of Dayton is a private institution of higher learning located in Dayton, Ohio. *Id.* at ¶ 2. Defendant University of Dayton School of Law ("law school") is affiliated with the University of Dayton and is likewise located in Dayton, Ohio. *Id.*

Plaintiff began taking classes at the law school in August 2004. *Id.* at ¶ 9. The law school provided him with all of the accommodations he requested, which included: a court reporter/transcripionist who attended classes with Plaintiff and provided him with a verbatim

1

transcript of the classes in a data file that Plaintiff was able to utilize thorough his computer; a separate room in the law library with a computer equipped voice synthesizing software and additional software customized to Plaintiff's needs; and a court reporter/transcripionist who recorded Plaintiff's dictations during examinations. *Id.* at ¶ 18. Near the end of the first semester, he reduced his caseload from twelve credit hours to eight credit hours. *Id.* at ¶ 15. He completed his exams for those courses and earned a 1.00 grade point average. *Id.* at ¶ 17. Because the law school required all students to maintain a 1.60 grade point average at the end of the first semester in order to continue enrollment, the law school academically dismissed Plaintiff from its program on January 12, 2005. *Id.*

Normally, Plaintiff would have had to wait for two years before reapplying under the law school's policies. Id. at ¶ 28. The law school waived that requirement and Plaintiff applied for readmission on June 15, 2005. *Id.* at 29. In his application, Plaintiff requested the following accommodations, *inter alia*: no classes before 10:00 a.m.; whisper mike for class and use of instant messaging to professor; no more than two courses per semester, with an increase to three if appropriate; place to rest; a personal assistant to help Plaintiff with personal care and school needs; and un-timed exams. *Id.* at ¶ 31. The law school considered and denied Plaintiff's application on July 22, 2005.

On August 9, 2005, Plaintiff filed a charge with the Ohio Civil Rights Commission ("OCRC") alleging that Defendants discriminated against him on the basis of his disability. *Id.* at ¶ 38. Plaintiff also filed a charge of discrimination with the United States Department of Education, Office of Civil Rights ("USDOE"). *Id.* at ¶ 39. On August 10, 2005, the OCRC sent Plaintiff a letter indicating that it accepted his charge of discrimination. *Id.* at ¶ 40.

After Defendants received Plaintiff's charge with the OCRC, they allowed Plaintiff to attend classes at the law school on an audit basis and to live in university housing. *Id.* at ¶ 41. That agreement was conditioned on the ratification of a settlement agreement among the parties. *Id.* When the settlement agreement failed to materialize, the law school notified Plaintiff that he would no longer be permitted to audit his classes or remain in university housing. *Id.* at ¶¶ 44, 47.

Plaintiff then filed the instant Complaint on September 20, 2005 wherein he alleges that Defendants violated the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794, *et seq*. and 34 C.F.R. § 104 *et seq*., and the Americans with Disabilities Act ("ADA"), 42 U.S.C.S. 12101 *et seq*. *Id.* at ¶¶ 60-88. Plaintiff seeks preliminary and permanent injunctive and monetary relief as well as attorney fees and litigation costs. *Id.* at ¶¶ 74, 88. Plaintiff subsequently withdrew his OCRC charge on October 6, 2005. (Doc. # 21 at Ex. C).

A bevy of motions followed. Currently, the Court focuses its attention on Defendants' motion to dismiss, which is fully briefed an ready for review. (Doc. # 17)

## **DISCUSSION**

Defendants cite *Younger v. Harris*, 401 U.S. 37 (1971), in support of their argument that the Court should abstain from exercising jurisdiction. (Doc. # 17 at 1). Plaintiff maintains that abstention is inappropriate in this instance because the third *Younger* requirement is not satisfied. (Doc. # 21 at 2).

The United States Supreme Court held in *Younger* that absent unusual circumstances, federal courts could not interfere with a pending state criminal proceeding. *Younger*, 401 U.S. at 37. The Court later expanded that holding to include civil administrative matters. *Ohio Civil*

3

*Rights Commission, et al., v. Dayton Christian Schools, Inc., et al.*, 477 U.S. 619 (1986); *Middlesex County v. Garden State Bar Assoc.*, 457 U.S. 423 (1982). Thus, the Supreme Court requires federal courts to abstain from interfering in pending state administrative proceedings that are "judicial in nature." *New Orleans Public Service, Inc., v. City of New Orleans*, 491 U.S. 350, 370 (1989).[1]

Abstention is designed to promote "federal-state comity, [and] is required when to render a decision would disrupt the establishment of coherent state policy." *Akenbrandt v. Richards*, 504 U.S. 689, 704-05 (1992). The exercise of abstention is the exception, not the rule. Abstention should rarely be invoked because federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). However, "[w]here vital state interests are involved, a federal court should abstain unless state law clearly bars the interposition of the constitutional claims." *Middlesex County*, 457 U.S. at 432; *Moore v. Sims*, 442 U.S. 415, 425-426 (1979).

Generally, abstention is appropriate under *Younger* if: 1) state judicial proceedings are ongoing; 2) the state proceedings implicate important state interests; and 3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Plaintiffs properly concede that the answer to the first two inquiries is yes; therefore, the controversy only arises with respect to the third element. (Doc. # 21 at 3).

Plaintiff asserts that the OCRC does not have jurisdiction to address ADA Title III and

---

[1] *Younger* is applicable here because plaintiff seeks injunctive relief. *Younger*, 401 U.S. at 41-44; Doc. # 1.

4

Section 504 claims.  Accordingly, Plaintiff maintains that the state proceedings fail to provide him with an adequate opportunity to raise his federal questions.  (Doc. # 21 at 2).   In response, Defendants posit that the OCRC does have jurisdiction to address Plaintiff's ADA Title III and Section 504 claims.  (Doc. # 23).  As a result, according to Defendants, the OCRC proceeding does afford Plaintiff an adequate opportunity to address his federal claims and *Younger* abstention therefore becomes necessary.  *Id.*

Thus, the central issue becomes whether the OCRC and related state proceedings afford Plaintiff an adequate opportunity to raise federal questions.  *Middlesex County*,  457 U.S. at 432; *see also Fieger v. Thomas*, 74 F.3d 740, 747-748 (6th Cir. 1996).  To resolve that issue, the Court must determine whether Plaintiff could have raised his federal claims before the OCRC and state judicial bodies.  "The burden on this point rests on the federal plaintiff to show that state procedural law barred presentation of [its] claims.'"  *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987); *Moore*, 442 U.S. at 425-26.

Plaintiff fails to satisfy his burden for several reasons.  First, the Court has reviewed O.R.C. Chapter 4112 and has not found any clear statutory bar to Plaintiffs' assertion of ADA or Rehabilitation Act charges before the OCRC.  *See Middlesex County*, 457 U.S. at 432; *Moore*, 442 U.S. at 425-426.  Second, the Court is aware of two cases in which a plaintiff filed a charge with the OCRC alleging disability discrimination under the ADA.  *Stockinger v. Ohio Civil Rights Comm'n*, 2004 Ohio App. LEXIS 6086 (Ohio Ct. App. 5th Dist. December 9, 2004); *Payne v. Siesta Hotel*, 2000 Ohio App. LEXIS 1621 (Ohio Ct. App. 5th Dist. April 12, 2000).  This establishes that Plaintiff could have filed a charge of discrimination under the ADA with

5

the OCRC.² Furthermore, O.R.C. § 4112.06 allows for state court review of the OCRC's actions.

Additionally, the Ohio Supreme Court held that state courts have concurrent jurisdiction with federal courts over Rehabilitation Act claims. *Elek v. Huntington Nat'l Bank*, 573 N.E.2d 1056, 1059 (Ohio 1991). Indeed, the Ohio Supreme Court held "given state court familiarity with analogous state claims, there exists no reason to believe that federal rights could not be vindicated in state courts." *Id.* Certainly, state courts are undoubtedly familiar with ADA and Rehabilitation Act claims because they utilize the same method of analysis for those claims as they do when ruling upon O.R.C. Chapter 4112 claims. *Haas v. Quest Recovery Servs.*, 338 F. Supp. 2d 797, 800 (S.D. OH 2004) (citing *Mahon v. Crowell*, 295 F.3d 585, 588-89 (6th Cir. 2002)); *see also Swanson v. Univ. of Cincinnati*, 268 F.3d 307, 314 (6th Cir. 2001); *Hoffman v. Fidelity Brokerage Servs., Inc.*, 959 F. Supp. 452, 457 at n.1 (S.D. Ohio 1997) (citation omitted); *see also City of Columbus Civil Serv. Comm'n v. McGlone*, 697 N.E.2d 204, 206-07 (Ohio 1998) ("The federal [ADA] is similar to the Ohio handicap discrimination law. . . . We can look to regulations and cases interpreting the Federal Act for guidance in our interpretation of Ohio law"); *see also Ohio Civil Rights Comm'n v. Case W. Reserve Univ.*, 666 N.E.2d 1376, 1389 (Ohio 1996) (noting that O.R.C. § 4112.022 is similar to the Rehabilitation Act).

Finally, because the Court has concluded that Plaintiff could have asserted his federal

---

² Quite curiously, Plaintiff concedes that the OCRC has jurisdiction over ADA Title I charges while at the same time contending that the OCRC does not have jurisdiction over ADA Title III charges. (Doc. # 21 at 5-6). In so arguing, Plaintiff does not offer any citations to case law or to statutory authority to support his contention. *Id.* As a result, his concession serves only to strengthen the Court's holding that Plaintiff could have brought his ADA Title III charge before the OCRC because if the OCRC has jurisdiction over Title I charges, it surely has jurisdiction over Title III charges.

claims before the OCRC and the state court system on appeal, the Court will "assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15; Doc. # 21 at 4.  Plaintiff's reliance on *Brewer v. Republic Steel Corp.*, *et al.*, 513 F.2d 1222 (6th Cir. 1975), as an attempt to direct the Court's attention to unambiguous authority to the contrary is ineffective.  *Brewer* addressed a motion to intervene and did not deal with *Younger* abstention.  *Id.*  Furthermore, *Brewer* involved claims of employment discrimination.  *Id.*  Here, the Court is concerned with disability discrimination. Plaintiff himself labels this distinction as "clear."  (Doc. # 21 at 5).

Accordingly, all three prongs for *Younger* abstention are satisfied and the Court **GRANTS** Defendants' motion to dismiss.  (Doc. # 17).  The Court is therefore unable to rule on the motions that remain pending in this case.  The Clerk is **ORDERED** to terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division at Columbus.

    **IT IS SO ORDERED.**


         /s/   Gregory L. Frost
        **GREGORY L. FROST**
        **UNITED STATES DISTRICT JUDGE**